IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : | JURY TRIAL DEMAND |
| THE KRYSTAL COMPANY, | : : | |
| Defendant. | : : | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on a disability. The purpose of this action is to provide appropriate relief to Maxine Wilson ("Wilson"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant, The Krystal Company, ("Defendant") engaged in intentional discrimination against Wilson when it failed to accommodate her disability and discharged her in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Dunwoody, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Wilson filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendant.

8. On July 10, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On August 10, 2018, Defendant advised the Commission that it would not accept the Commission's conciliation offer.

10. On August 30, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since on or about September 2016, Defendant has engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a) and (b).

13. Wilson is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Wilson has a physical impairment, total knee replacement, that substantially limits her in the operation of major bodily functions, including functions of the musculoskeletal system.

14. Defendant terminated Wilson's employment because of her physical impairment.

15. Wilson requested a reasonable accommodation of a temporary modification to her work schedule, Defendant knew of Wilson's disability at the

time she requested the accommodation, but Defendant failed to provide the requested accommodation or any alternative accommodation for Wilson's disability.

16. Wilson began working for Defendant as an Assistant General Manager in approximately 2007. Wilson was later promoted to General Manager.

17. In February 2016, Wilson accepted the job of Field Training Manager and reported to the Director of Training.

18. On or about April 26, 2016, Wilson advised her supervisor that she needed time off from work for a total knee replacement, and provided a doctor's note for same.

19. Wilson returned to work on September 20, 2016.

20. When Wilson returned to work, she met with her supervisor to discuss a new project that would pair high performing restaurants with lower performing restaurants to improve the latter. After the meeting, the supervisor walked Wilson to her car and asked if that was her car parked in the handicap parking space. Wilson responded that it was.

21. Wilson's supervisor told her to visit her assigned stores and to start with the lowest performing store. On or about September 21, 2016, Wilson went to visit the lowest performing of her assigned stores, which was in Roswell, Georgia.

After sitting in heavy traffic for over two hours, Wilson started experiencing a problem with her artificial knee that caused her pain.

22. Wilson told her supervisor about what had happened and that she needed to make an appointment to see her doctor. Wilson's supervisor responded that he could not hold Wilson's position any longer. Wilson responded that she could visit her stores that are close by her home or work from home, which is part of her job, until she could see her doctor. Wilson's supervisor denied this request and told Wilson that he could not hold her job open any longer because of the travel involved. Wilson never stated that she could not travel.

23. On or about September 22, 2016, Wilson was discharged by Defendant.

24. On October 7, 2016, Wilson saw her doctor and the doctor made an adjustment to Wilson's knee, prescribed her with some non-drowsy medication, and released her to work with no restrictions.

25. Wilson was qualified for her job as Field Training Manager and could perform the essential functions of that job with or without a reasonable accommodation.

26. The effect of the practice(s) complained of above has been to deprive Wilson of equal employment opportunities and, otherwise, adversely affect her status as an employee because of her disability.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Wilson.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from discharging employees on the basis of an actual disability and from denying reasonable accommodations to persons with disabilities, and engaging in any other employment practice which discriminates on the basis of disability status.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees,

and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make Wilson whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant to make Wilson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in an amount to be determined at trial.

E.   Order Defendant to make Wilson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay punitive damages to Wilson for Defendant's malicious and/or reckless conduct described above, in an amount to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

 Respectfully submitted,

 JAMES L. LEE
 Acting General Counsel

 GWENDOLYN YOUNG REAMS
 Associate General Counsel

 Antonette Sewell
 Regional Attorney

 Lakisha Duckett-Zimbabwe
 Supervisory Trial Attorney

 s/Steven A. Wagner
 Steven A. Wagner
 Trial Attorney
 Georgia Bar No. 000529
 steven.wagner@eeoc.gov

 EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
 Atlanta District Office
 100 Alabama St., SW, Suite 4R30
 Atlanta, Georgia 30303
 (404) 562-6897 (direct)
 (404) 562-6905 (facsimile)